# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **PAUL JUNIOR MASTERS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00192 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **GERALD A. MCPEAK, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Paul Junior Masters, Pro Se Plaintiff.*

Plaintiff Paul Junior Masters, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, complaining about medical care and other living conditions at the New River Valley Regional Jail. After review of the record, I find that this action must be summarily dismissed.

Masters alleges that jail officials' refusal to provide him with a copy of his HIV test caused him to be convicted. He also alleges that he has been confined at the jail for two years with no fresh air or sunshine, his teeth are going bad, and he cannot see the television. The nurse allegedly told him that if the jail's doctor approved him for an examination by an eye doctor or dentist outside the jail, Masters would have to make full payment. Masters also alleges that he has tried to see a mental health professional for over a year, without success. As relief in this

lawsuit, he demands the same conditions and rehabilitation opportunities provided to inmates in prisons operated by the Virginia Department of Corrections ("VDOC").

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines that the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988).

As an initial matter, Masters cannot challenge the fact or length of his conviction in this § 1983 action. Such claims must be presented in a petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhaustion of state court remedies. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."). Masters' allegation that jail officials' handling of his HIV test results caused his conviction falls in this category of claims that are not properly presented in a § 1983 complaint. Accordingly, I must summarily dismiss this

claim without prejudice to his raising a similar claim on appeal or in habeas corpus proceedings.

Masters also has no constitutional right to be housed in a VDOC prison facility, as opposed to a local jail. It is well established that an inmate has no constitutional right to be assigned to any one prison facility over another, even when the conditions in one facility are more favorable than in other facilities. *Meachum v. Fano*, 427 U.S. 215, 223-224 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 (1976). Moreover, a state official's failure to abide by state procedural laws or rules regarding prison matters is not a federal due process issue and is, therefore, not actionable under §1983. *Riccio v. Cty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990). Therefore, even if Masters has some protected right under state law to participate sooner in VDOC facility programs, a state official's violation of state law is not actionable under § 1983.[1]

Finally, Masters fails to state a factual basis for any § 1983 claim concerning living conditions at the jail. His allegations do not suggest that he has a serious medical need for an eye exam or glasses, for a dental exam, or for mental health

---

[1] Section 1983 was intended to protect only federal rights guaranteed by federal law and not to vindicate tort claims for which there are adequate remedies under state law. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Any state law claims Masters may wish to bring here are thus not independently actionable under § 1983, and I decline to exercise supplemental jurisdiction over them in this action. *See* 28 U.S.C. § 1367(c).

Case 7:15-cv-00192-JPJ-RSB   Document 8   Filed 06/10/15   Page 3 of 4   Pageid#: 18

treatment. *See Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (holding that only a prison official's deliberate indifference to inmate's serious medical needs violates the Eighth Amendment); *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) (finding that in constitutional claim regarding prison medical care, "the essential test is one of medical necessity and not simply that which may be considered merely desirable"). Similarly, Masters fails to state facts supporting his argument that lack of exposure to fresh air and sunshine at the jail has caused him any serious injury. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ("To the extent that [prison living] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."); *Strickler v. Waters*, 989 F.2d 1375, 1380-1381 (4th Cir. 1993) (finding that claim of unconstitutional living conditions requires showing of resulting serious injury). Because Masters' allegations omit facts on these key elements of the applicable constitutional standards, I will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.

A separate Final Order will be entered herewith.

DATED:  June 10, 2015

/s/  James P. Jones                           
United States District Judge